UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>ITERANCE ROY HOWARD,<br><br>                    Defendant. | CASE NO. CR19-0071JLR<br><br>ORDER GRANTING MOTION TO CONDUCT PLEA HEARING BY VIDEO CONFERENCE |

## I.   INTRODUCTION

Before the court is Defendant Iterance Roy Howard's motion to proceed with his guilty plea hearing by teleconferencing. (Mot. (Dkt. # 31).) Plaintiff United States of America ("the Government") opposes Mr. Howard's motion. (Opp. (Dkt. # 34).) The court has reviewed Mr. Howard's motion, the Government's response, the record in this matter, and the applicable law. Being fully advised and finding oral argument unnecessary, the court GRANTS Mr. Howard's motion as more fully described herein.

ORDER - 1

## II. BACKGROUND

The Government charged Mr. Howard with one count of Felon in Possession of a Firearm and one count of Possession of an Unregistered Firearm. Subsequently, the parties reached a plea agreement and after two continuances the hearing was set for March 18, 2020. (Not. (Dkt. # 21).)

However, due to the emergency caused by the COVID-19 pandemic, on March 6, 2020, the United States District Court for the Western District of Washington issued General Order No. 01-20. *See* General Order ("GO") 01-20 (Mar. 6, 2020). That order continued nearly all hearings in both civil and criminal matters through at least March 31, 2020. *See id.* On March 17, 2020, citing guidance issued by public health officials, and documented risks to public gatherings and travel, the United States District Court for the Western District of Washington issued General Order No. 02-20. *See* GO 02-20 (Mar. 17, 2020). The order closed the courthouse to the public entirely and continued all criminal matters scheduled prior to June 1, 2020, pending further order of the court. General Order No. 02-20 further states that:

> the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

*Id.* at 2. Accordingly, on March 24, 2020, the court entered an order continuing Mr. Howard's change of plea hearing and scheduling a status conference for June 1, 2020. (3/24/20 Order (Dkt. # 24).)

1   In subsequent orders, the United States District Court for the Western District of
2   Washington extended General Order No. 02-20 and continued all criminal matters
3   scheduled prior to July 1, 2020.  *See* GO 07-20 at 2.  Currently, Mr. Howard's plea
4   hearing cannot occur in person until at least September 8, 2020.

5   The parties have reached an agreement to resolve this case.  The parties'
6   agreement requires Mr. Howard to plead guilty.  Mr. Howard now asks the court to set a
7   plea hearing—which the parties can attend remotely—so that he can enter the guilty plea
8   contemplated by the parties' agreement.  (*See generally* Mot.)

9               **III.   ANALYSIS**

10   The Federal Rules of Criminal Procedure make no provision for a defendant to
11   enter a guilty plea except while in open court.  *See generally* Fed. R. Crim. P.  Due to the
12   COVID-19 pandemic and the public health emergency, Congress enacted the
13   Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that
14   certain criminal proceedings may proceed by video teleconferencing during the
15   COVID-19 national emergency, including a guilty plea in a felony case.  *See* CARES Act
16   § 15002.  To do so, the Judicial Conference of the United States first must find that the
17   COVID-19 emergency will materially affect the functioning of the federal courts
18   generally or a particular court.  *Id.* § 15002(b)(2)(A).  It has done so.  *See* Administrative
19   Office of the United States Courts, Judiciary News, *Judiciary Authorizes Video/Audio*
20   *Access During COVID-19 Pandemic* (Mar. 31, 2020),
21   https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-
22   during-covid-19-pandemic.

1   On March 30, 2020, Chief Judge Ricardo S. Martinez fulfilled the second

2 requirement of the CARES Act for permitting guilty plea hearings via video

3 teleconferencing when he entered a finding "that felony pleas under Rule 11 of the

4 Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal

5 Rules of Criminal Procedure cannot be conducted in person without seriously

6 jeopardizing public health and safety." *See* GO 04-20 at 2; *see also* CARES Act

7 § 15002(b)(2)(A).

8   Third, the CARES Act requires that the district court in the particular case must

9 find "for specific reasons that the plea . . . in that case cannot be further delayed without

10 serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A); *see also* GO

11 04-20.  Accordingly, the court finds that, because Mr. Howard and the Government have

12 reached an agreement concerning his plea, the plea hearing in this case "cannot be further

13 delayed without serious harm to the interests of justice." *See* CARES Act

14 § 15002(b)(2)(A).  Absent intervention, Mr. Howard would not be able to participate in a

15 guilty plea hearing until at least September 8, 2020, *see* GO 11-20 at 2, despite having

16 been under indictment for over one year due to the COVID-19 emergency (*see* 3/24/20

17 Order).  In so finding, the court places special emphasis on the fact that Mr. Howard's

18 original guilty plea hearing would have likely occurred by March 18, 2020, but for

19 General Order No. 02-20.  Accordingly, the court GRANTS Mr. Howard's motion to

20 proceed with his guilty plea hearing via video teleconference.  Mr. Howard requests that

21 the hearing be conducted via a video teleconference.  The court agrees and so ORDERS.

22 The court further ORDERS that Mr. Howard's guilty plea hearing be conducted before a

1  Magistrate Judge and that the Clerk set the video teleconference hearing as soon as is
2  practicable.

### IV. CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Mr. Howard's motion to proceed with a guilty plea hearing via video teleconference which will be held before a Magistrate Judge.

Dated this 19th day of August, 2020.

*[signature]*

The Honorable James L. Robart
U.S District Court Judge